**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ENDURANCE DEALER SERVICES, LLC, an Illinois limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:26-cv-280  JURY TRIAL DEMANDED |
| v. | ) ) | |
| ASCENT ADMINISTRATION SERVICES LLC an Arizona limited liability company, | ) ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff, Endurance Dealer Services, L.L.C. ("Plaintiff" or "Endurance"), complains against Defendant, Ascent Administration Services L.L.C. ("Defendant" or "Ascent"), as follows:

**NATURE OF THE ACTION**

1.      Endurance is an administrator of vehicle service contracts ("VSCs") for automobile repairs that are advertised, marketed, promoted, offered for sale, and sold under Endurance's several trademarks sharing the common word element "APEX" by its affiliate Endurance Warranty Services, L.L.C.

2.      Endurance and its affiliates have been selling VSCs and administering claims under VSCs and ancillary products since at least 2010 and Endurance and its affiliates have become a market leader in the marketing, sale, and administering of VSCs and ancillary products.

3.      Endurance vigorously protects its brand and owns federally-registered trademarks, which include: "APEX PRO" (U.S. Reg. No. 5,117,117), "APEX PREMIER" (U.S. Reg. No. 5,117,118), "APEX SELECT PLUS" (U.S. Reg. No. 5,117,119), "APEX SELECT" (U.S. Reg.

1

No. 5,117,120), and "APEX POWERWRAP" (U.S. Reg. No. 5,117,121) (collectively, the "APEX Registered Trademarks") (Exs. 1-5.)

4.      Each of the registrations for the APEX Registered Trademarks recites as a service "[p]roviding administration of extended service contracts, namely, extended warranty contracts on motor vehicles" and claims November 2010 as the date of first use in commerce. Id.

5.      The APEX Registered Trademarks are used in connection with Endurance's administration of VSCs and the sale of such VSCs by its affiliate, Endurance Warranty Services, L.L.C., under Endurance's "APEX VSC PROGRAM":



*See* https://www.enduranceds.com/products (last accessed December 19, 2025); https://cdn.prod.website-files.com/58ede13255c14d632c0ddc9e/686eee3c1f30a8bc0a83faf7_APEX_3TF_Brochure_1Oct 24_web.pdf (last accessed December 19, 2025).

6.      In addition to the APEX Registered Trademarks, Endurance also offers services under the following brand names, and has done so continuously in commerce since the listed dates, and has established an awareness among consumers that Endurance is a source for the services associated with the following brand names. Accordingly, Endurance has protectable trademark rights in each of the following marks, which are referred to as the "APEX Unregistered Trademarks":

2

| Name | Related Goods/Services | Date of First Use in Commerce |
|---|---|---|
| Apex | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 09-11-2012 |
| Apex EV | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 06-26-2019 |
| Apex Xtra | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 10-08-2012 |
| Apex Plus | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 04-27-2019 |
| Apex Powersports | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 10-09-2023 |
| Apex Unlimited Time | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 10-29-2021 |
| Apex Credit Union | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 07-30-2019 |
| Apex Certified VSC | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 05-02-2019 |
| Apex Certified Limited Warranty | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and | 12-24-2012 |

| | ancillary products | |
|---|---|---|
| Apex Euro | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 11-18-2020 |
| Apex High Tech | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 12-01-2025 |
| Apex 10/200 VSC Wrap | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 10-14-2022 |
| Apex 10/200 Limited Warranty | Administration of extended service contracts, namely, extended warranty contracts on motor vehicles and ancillary products | 10-14-2022 |

7.      Endurance's APEX Registered Trademarks and APEX Unregistered Trademarks are collectedly referred to here as the "APEX Trademarks."

8.      Defendant is also a company that sells VSCs.

9.      Defendant was incorporated in 2022, and entered the VSC market years after Endurance.

10.     Defendant has been and continues to be engaged in the sale, offering for sale, distribution, and/or advertising of VSCs under the brand name "APEX" (the "Infringing Mark"):



**VEHICLE SERVICE CONTRACT**

*See* https://ascentadmin.com/agents/apex/ (last accessed December 19, 2025).

11.     Defendant's use of the Infringing Mark is not authorized by Endurance.

12.     Defendant knew of Endurance's use of some or all the APEX Trademarks prior to Defendant's adoption and use of the Infringing Mark.

13.     Defendant sought to capitalize on Endurance's and its affiliate's goodwill and reputation under the some or all of the APEX Trademarks by adopting the Infringing Mark.

14.     Defendant's infringement of Endurance's some or all of the APEX Trademarks is causing Endurance monetary and irreparable harm, and must be stopped.

## **THE PARTIES**

15.     Plaintiff, Endurance Dealer Services, L.L.C., is an Illinois limited liability company, with its principal place of business at 400 Skokie Blvd, Suite 105, Northbrook, Illinois.

16.     Plaintiff, along with its affiliates, advertises, markets, offers for sale, and sells VSCs and administers claims related to such VSCs nationwide, including in this district.

17.     Defendant, Ascent Administration Services L.L.C., is an Arizona limited liability company, with its principal place of business at 150 E. McKellips Road, Suite 117, Mesa, Arizona.

18.     Defendant advertises, markets, offers for sale, and sells VSCs and administers claims related to such VSCs nationwide, including in this district.

19.     Defendant registered to conduct business in Illinois on or about November 2, 2022.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 because the Complaint alleges violations of federal trademark law under the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court also has original jurisdiction over Plaintiff's claims arising under the Lanham Act, 15 U.S.C. § 1125(a).

21.     This Court has supplemental jurisdiction over Endurance's state law claims under 28 U.S.C. § 1367, because they arise from the same novel or complex issues as the federal law claims.

22.     This Court may exercise personal jurisdiction, general and/or specific personal jurisdiction, over Defendant because it regularly conducts business in this district by advertising, marketing, promoting, offering for sale, and selling products under the Infringing Mark and is registered to conduct business in Illinois.

23.     With respect to general and/or specific personal jurisdiction, Defendant has further targeted sales to Illinois residents by conducting business with Illinois residents and advertising, marketing, promoting, offering for sale, and selling VSCs through dealerships and agents in the State of Illinois including in this district.

24.     Further, Defendant regularly conducts business in Illinois through its contacting of consumers in Illinois to purchase VSCs; soliciting entry into VSCs by Illinois consumers; accepting payment for such VSCs, and selling VSCs featuring Plaintiff's APEX Trademarks, and administering claims related to such VSCs, all in the State of Illinois including in this district.

25.     The Court may also exercise general and/or specific personal jurisdiction over Defendant because it sells, offers for sale, and otherwise conducts business in this district by selling VSCs using the Infringing Mark through dealerships and agents.

6

26.     Defendant is also subject to specific personal jurisdiction in the State of Illinois because by infringing the APEX Trademarks, and competing unfairly, it is committing multiple torts, causing injury that is felt by Endurance in the State of Illinois, including in this district.

27.     With respect to general personal jurisdiction, in addition to the regular contacts discussed above, Defendant operates an e-commerce store that targets U.S. consumers, including consumers in Illinois.

28.     Defendant regularly engages in business and has regular contacts with the State of Illinois through dealerships, agents, and repair shops in this district, including but not limited to, in order to sell and offer for sale VSCs with the Infringing Mark.

29.     Defendant has every expectation of being subject to the laws of the State of Illinois and even includes an Illinois-specific cancellation provision for customers located in Illinois:

> **ILLINOIS**
> **CANCELLATION. A.,** is amended as follows: If **You** elect cancellation, **We** may retain a cancellation fee not to exceed the lesser of ten percent (10%) of the **Service Contract** Price or fifty dollars ($50).

*See* https://ascentadmin.com/wp-content/uploads/2025/01/Ascension-VSC-Contract-AAS-VSC-E-08-2024-SAMPLE.pdf (last accessed December 19, 2025).

30.     Exercising personal jurisdiction, specific and/or general, over Defendant comports with the Due Process Clause of the United States Constitution and does not offend traditional notions of fair play and substantial justice. Plaintiff's claims arise out of, and are directly related to, Defendant's contacts with Illinois, including its literally and materially false and misleading statements made to Illinois residents about Plaintiff, which have caused and continue to cause injury to Plaintiff.

31.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

32.     In short, Defendant is committing tortious acts in Illinois, is engaging in interstate

commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## FACTUAL BACKGROUND

A.     **Endurance, Endurance Warranty Services, and the APEX Trademarks**

33.     Since 2006, Endurance Warranty Services, L.L.C., an affiliate of Endurance,  has been one of the nation's premier sellers of extended vehicle protection in the form of VSCs.

34.     Endurance Warranty Services, L.L.C. is one of the largest sellers of VSCs in the nation and is backed by an A.M. Best "A-" rated insurance company.

35.     Over the years, Endurance Warranty Services, L.L.C. has offered a variety of VSCs under trademarks incorporating the term "APEX"

36.     Plaintiff Endurance, is an Illinois limited liability company, headquartered in Illinois, that operates nationally and was established in 2010.

37.     Endurance is the administrator and obligor under any and all VSCs marketed and sold by Endurance Warranty Services L.L.C..

38.     In connection with advertising, marketing, promotion, offers for sales and selling of its VSCs, Endurance has established a family of trademarks, each of which includes the APEX word component.

39.     Endurance spends substantial time, money, and other resources developing, advertising, and otherwise promoting the APEX Trademarks in connection with Endurance's VSCs.

40.     Genuine APEX VSCs, bearing or sold under the APEX Trademarks, are widely and legitimately advertised and promoted by Endurance, its authorized distributors, and unrelated third parties, via national media advertisements, including television ads, radio ads, celebrity endorsements, and search engine optimization ("SEO") strategies.

8

41.     As a result of Endurance's efforts, members of the consuming public readily identify VSCs bearing or sold under the APEX Trademarks as being endorsed and approved by Endurance, and trust Endurance as the source of the service contracts offered for sale and sold under the APEX trademarks.

42.     Endurance has earned valuable goodwill from being widely recognized, associated with, and identified by consumers and the VSC industry.

43.     Endurance's use of the APEX Trademarks has been continuous and there has been no abandonment of the APEX Trademarks.

44.     The APEX Trademarks are well known and represent the source and origin of Endurance's services and products sold in connection with such services.

45.     The APEX Trademarks are some of Endurance's most valuable assets.

46.     Endurance used the APEX Trademarks in commerce long before Defendant's use of the Infringing Mark.

47.     In over nineteen states, including Illinois, Endurance has submitted industry "forms" to state Departments of Insurance for mandatory pre-approval for services offered under the APEX Unregistered Trademarks.

48.     Each respective state Department of Insurance has reviewed and approved the services including the APEX Unregistered Trademarks displayed on the "forms", before they were used in commerce.

49.     The "forms" bearing the APEX Unregistered Trademarks are also submitted to the lenders who finance customers purchasing VSCs through Endurance's dealer channel, ensuring the services are fully reviewed and approved prior to financing.

50.     The APEX Unregistered Trademarks have acquired distinctiveness through

widespread use and advertising since the respective date of first use in commerce for each APEX Unregistered Trademarks.

51.     As a result of the substantial, inherent, and acquired distinctiveness of each APEX Unregistered Trademark, extensive use nationwide, and the nationwide advertising and publicity of each APEX Unregistered Trademarks, each of the APEX Unregistered Trademarks has become strong and widely identified and respected with Endurance and its affiliates as the single commercial source in the minds of consumers for VSCs branded with "APEX".

52.     Endurance is suffering continuous and irreparable harm as a result of the violations of its intellectual property rights by Defendant.

**B.      Defendant and Defendant's Use of the Infringing Mark**

53.     Defendant engages in unfair competition with Plaintiff by advertising, offering for sale, and selling VSC products and services with the Infringing Mark to consumers within the United States and in this district.

54.     Defendant is knowingly infringing some or all of the APEX Trademarks through the sale, offering for sale, distribution and/or advertising of their vehicle service contracts under the brand APEX, without authorization.

55.     Endurance learned of the Infringing Mark, at least as early as September 2025, after Endurance discovered Defendant's advertising of VSC goods and services, using the Infringing Mark.

56.     After discovering Defendant advertised, marketed, promoted, offered for sale and sold, and continues to advertise, market, promote, offer for sale, and sells, its own VSCs with the Infringing Mark, Endurance sent Defendant a notice and cease-and-desist letter ("Notice Letter") to Defendant's registered agent and attorney, Mr. Adam Decker ("Mr. Decker"), demanding

10

Defendant immediately stop using the Infringing Mark. (Ex. 6.)

57.     Mr. Decker responded on October 2, 2025, with a non-substantive response, merely confirming receipt of the Notice Letter and a promise to follow up soon. (Ex. 7.)

58.     Despite Mr. Decker's promise, no substantive response was neither received from him nor anyone else associated with Defendant.

59.     Receiving no response from Mr. Decker or anyone else associated with Defendant, shortly after the October 2 response, Endurance followed up with Mr. Decker on multiple occasions regarding the Notice Letter, but still received no response.

60.     Since receiving the Notice Letter, Defendant has continued to use the Infringing Mark, in violation of Endurance's APEX Trademark rights.

61.     As of the date of this filing, Defendant continues to own and operate an e-commerce website, which advertises for sale the infringing vehicle service contracts, in violation of Endurance's APEX Trademarks:



*See* https://ascentadmin.com/agents/apex/ (last accessed December 19, 2025).

## COUNT I
## (Trademark Infringement – Section 32 of the Lanham Act, 15 U.S.C. § 1114)

62.     Endurance realleges and incorporates by reference each and every allegation in the foregoing paragraphs as if fully stated herein.

63.     Defendant is improperly and willfully infringing the APEX Registered Trademarks through the sale, offering for sale, distribution and/or advertising of their VSCs under the Infringing Mark.

64.     Defendant's use of the Infringing Mark in connection with VSCs has confused, continues to confuse, and is likely to cause confusion among consumers who believe, contrary to fact, that Defendant's VSCs administered by, sold by, or are otherwise sponsored by or affiliated with Endurance, or that Defendant is the rightful owners to the APEX Registered Trademarks.

65.     Defendant's use of the Infringing Mark infringes Endurance's exclusive rights in the APEX Registered Trademarks under 15 U.S.C. § 1114.

66.     Customers and potential customers and others in the industry are likely to be confused into believing Defendant's VSCs advertised and sold under the Infringing Mark are those of Endurance, or otherwise sponsored by or affiliated with Endurance, thereby resulting in a loss of goodwill and sales to Endurance.

67.     As a direct and proximate result of Defendant's conduct, Endurance has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

68.     Unless enjoined by this Court, Defendant will continue to infringe upon Endurance's APEX Registered Trademarks, thereby creating the likelihood of consumer confusion, deceiving the public, and causing Endurance's immediate and irreparable injury, including loss of goodwill and loss of income, for which it has no adequate remedy at law.

69.     Defendant has engaged in the above-referenced acts of trademark infringement with full knowledge of Endurance's exclusive rights in one or more of the APEX Registered Trademarks.

70.     Defendant is willfully continuing to engage in such acts of infringement, thus making this case exceptional and entitling Endurance to an award of actual damages in an amount not in excess of treble damages, as well as Endurance's attorneys' fees in bringing and maintaining this action.

### COUNT II
### (Unfair Competition – Section 43(a) of the Lanham Act, 15 U.S.C. § 1125)

71.     Endurance realleges and incorporates by reference each and every allegation in the foregoing paragraphs as if fully stated herein.

72.     Defendant is improperly and falsely misleading consumers through the sale, offering for sale, distribution and/or advertising of their VSCs under the Infringing Mark.

73.     Defendant's use of the Infringing Mark in connection with VSCs has confused, continues to confuse, and is likely to cause confusion among consumers who believe, contrary to fact, that Defendant's VSCs administered by, sold by, or are otherwise sponsored by or affiliated with Endurance, or that Defendant is the rightful owners to the APEX Unregistered Trademarks.

74.     Defendant's use of the Infringing Mark infringes Endurance's exclusive rights in the APEX Unregistered Trademarks under 15 U.S.C. § 1125.

75.     Customers are likely to be confused into believing Defendant's VSCs advertised and sold under the Infringing Mark are those of Endurance, or otherwise sponsored by or affiliated with Endurance, thereby resulting in a loss of goodwill and sales to Endurance.

76.     As a direct and proximate result of Defendant's conduct, Endurance has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation

and the loss of revenues and profits.

77.     Unless enjoined by this Court, Defendant will continue to infringe upon Endurance's APEX Unregistered Trademarks, thereby creating the likelihood of consumer confusion, deceiving the public, and causing Endurance's immediate and irreparable injury, including loss of goodwill and loss of income, for which it has no adequate remedy at law.

78.     Defendant has engaged in the above-referenced acts of unfair competition with full knowledge of Endurance's exclusive rights in one or more of the APEX Unregistered Trademarks.

<u>**COUNT III**</u>
<u>**(False Designation of Origin – Section 43(a) of the Lanham Act, 15 U.S.C. § 1125)**</u>

79.     Endurance realleges and incorporates by reference each and every allegation in the foregoing paragraphs as if fully stated herein.

80.     The APEX Trademarks operate as an indicator of source and/or origin for Endurance.

81.     The APEX Trademarks have been in continuous and exclusive use throughout the United States, by Endurance, since at least as early as November 2010.

82.     The APEX Trademarks are distinctive in the minds of the relevant purchasers of Endurance's services as being associated exclusively with Plaintiff.

83.     Defendant, through use of "APEX" with the Infringing Mark has, without authorization, in connection with their goods and services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of Defendant with Endurance, and/or as to the origin, sponsorship or approval of Defendant's product, in violation of 15 U.S.C. § 1125(a)(1)(A).

84.     Consumers are likely to purchase Defendant's VSCs advertised, marketed,

promoted, offered for sale, and sold under the Infringing Mark believing that Defendant is affiliated, connected or associated with Endurance, resulting in a loss of goodwill to Plaintiff.

85.     Defendant's acts as set forth herein constitute a false designation of origin.

86.     Defendant's unfair acts have been committed in bad faith and with the intent to cause confusion, mistake and/or to deceive.

87.     As a direct and proximate result of Defendant's conduct, Endurance has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

88.     Unless enjoined by this Court, Defendant will continue to compete unfairly with Endurance, thereby deceiving the public, creating the likelihood of consumer confusion, and causing Endurance immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT IV
### (Deceptive Trade Practices – 815 ILCS §§ 510/1, *et seq.*)

89.     Endurance realleges and incorporates by reference each and every allegation in the foregoing paragraphs as if fully stated herein.

90.     Defendant has knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.*, by causing likelihood of confusion or of misunderstanding as to the source, origin or sponsorship of Defendant's VSCs under the Infringing Mark and using deceptive representations or designations of origin in connection with Defendant's VSCs.

91.     The foregoing acts of Defendant constitute willful, deceptive acts and practices in the conduct of business, trade and/or commerce, in violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS Sections 510/1 *et seq.*, for which Endurance is entitled to injunctive relief, attorneys' fees, and costs.

92.     The foregoing acts of Defendant will create a likelihood of injury to the public image and business reputation of Endurance, in that the public will likely associate Defendant's goods with Endurance and/or Endurance's goods, and cause the dilution of the distinctive quality of Endurance's APEX Trademarks, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.*, for which Endurance is entitled to injunctive relief.

93.     The foregoing acts of Defendant were designed intentionally to mislead and deceive the public and trade as to the identity of Defendant or as to the connection of Defendant with Endurance, in violation of 815 ILCS §§ 510/1 *et seq.*, for which Endurance is entitled to injunctive relief.

94.     The unauthorized use by Defendant of the Infringing Mark is causing and is likely to cause substantial injury to the public and to Endurance.

<u>**COUNT V**</u>
**(Illinois Common Law – Unfair Competition)**

95.     Endurance realleges and incorporates by reference each and every allegation in the foregoing paragraphs as if fully stated herein.

96.     Defendant's acts constitute common law trademark infringement in violation of state common law, including the common law of the State of Illinois.

97.     Such acts of common law trademark infringement constitute unfair competition within the meaning of the common law, including the common law of the State of Illinois.

98.     Upon information and belief, Defendant's conduct was and continues to be willful, intentional, and in bad faith.

99.     Defendant's acts have caused, and continue to cause, irreparable harm to Endurance, and Endurance has no adequate remedy at law such that the damage to Endurance will continue unless and until enjoined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Endurance Dealer Services L.L.C., an Illinois limited liability company, requests the following relief against Defendant, Ascent Administration Services, L.L.C., as follows:

1. That Defendant, and its officers, managers, members, agents, servants, employees, successors, licensees, representatives, successors, assigns, affiliates, and all persons or entities acting in concert or participation with them, be preliminarily and permanently enjoined, without bond, from:

 (i) advertising, marketing, promoting, offering to sell, selling, administering, and acting as obligor with respect to, any vehicle service contracts utilizing the Infringing Mark or confusingly similar mark;

 (ii) using the Infringing Mark, or any confusingly similar marks in connection with any goods or services;

 (iii) using any false designation of origin, or representing or suggesting directly or by implication that Defendant, or any brands or other source identifiers used by Defendant, are affiliated with, associated with, authorized by, or otherwise connected with Endurance, or that Defendant is authorized by Endurance to use the Infringing Mark or any other confusingly similar marks;

 (iv) infringing or contributing to the infringement of any of Endurance's APEX Trademarks, or otherwise engaging in unfair competition with Endurance in any manner or engaging in any conduct tending to falsely represent or likely to confuse, mislead or deceive suppliers, purchasers, or any member of the public into thinking that Defendant or any of their products are affiliated with Endurance, or that

Endurance has otherwise sponsored, approved, or licensed any products or services of Defendant;

(v)     engaging in any other activity constituting unfair competition with Endurance, or constituting infringement of the APEX Trademarks; and

(vi)    sssisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (v) above, or effecting any assignments or transfers, forming any new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (v) above.

2.      That Defendant be directed to file with the Court and serve on Endurance, within ten (10) days after entry of a final injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

3.      That Defendant, by its unauthorized use of the Infringing Mark, has violated Endurance's rights under 15 U.S.C. §§ 1114, 1125(a) and 1125(d), the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.*, and Illinois common law, and that Defendant has done so willfully and for the purpose of violating Endurance's rights and damaging Endurance's goodwill and reputation.

4.      That Defendant be required to pay Endurance such damages as it has sustained or other monetary relief available as a consequence of Defendant's infringement of the APEX Trademarks, including without limitation disgorgement of all profits derived from Defendant's infringement, pursuant to 15 U.S.C. § 1117.

5.      That this case be declared exceptional.

6.      That the damages to be paid by Defendant be enhanced in an amount not to

exceed three times the actual damages.

7.      That Defendant be required to pay Endurance its reasonable attorneys' fees in bringing this action, under 15 U.S.C. § 1117(a) and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/3.

8.      That Defendant destroy, delete, or otherwise remove the Infringing Mark, and certify under penalty of perjury such destruction, deletion or removal within ten (10) days of entry of judgment.

9.      Award Plaintiff such other and further relief, including costs and pre-judgment interest, as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  January 9, 2026                       Respectfully submitted,

                                              _/s/ Joseph M. Kuo_____
                                              Joseph M. Kuo – ARDC No. 6216400
                                              Steven N. Malitz – ARDC No. 6229768
                                              Irfan Hassam-Malani – ARDC No. 6339087
                                              SAUL EWING, LLP
                                              161 N. Clark St, Suite 4200
                                              Chicago, IL  60601
                                              (312) 876-7100
                                              joseph.kuo@saul.com
                                              steven.malitz@saul.com
                                              irfan.malani@saul.com


                                              Veronica M. McCarty (pro hac vice to be filed)
                                              SAUL EWING, LLP
                                              1735 Market Street. Suite 3400
                                              Philadelphia, PA 19102
                                              (215) 972-7106
                                              veronica.mccarty@saul.com

                                              Attorneys for Plaintiff
                                              Endurance Dealer Services, LLC

## **VERIFICATION**

I, Aaron Segal, hereby certify as follows:

1.  I am President for Endurance Dealer Services LLC. As such I am authorized to make this Verification on Endurance Dealer Service LLC's behalf.

2.  I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by colleagues, the factual allegations contained in the Verified Complaint are true.

3.  I certify under penalty of perjury under the laws of the United States America that the foregoing statements made by me are true and correct.


Executed in Northbrook, Illinois, on January 9, 2026

*/s/ Aaron Segal*
Aaron Segal
Endurance Dealer Servies, LLC